**FILED**

MAY 0 3 2019

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) for the District of Columbia |
|---|---|
| PLAINTIFFS<br>Jeannie Quinteros | DEFENDANTS Capital Ventures Intructor, LLC<br>National Home Investor<br>Nicholas Lampariello<br>Madison Mangment, Columbia Does 1-25 |
| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known)  Nicholas Lampariello<br>Lampariello Law Group<br>4760 W Commercial Blvd<br>Tamarac, Fl 33319 |
| PARTY (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor Jt    ☑ Other<br>☐ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☑ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☑ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability – §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability – §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
  (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR Jeanne Quinteros | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING Broward County District of Columbia | DIVISION OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE 5/3/19 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**FILED**

MAY 0 3 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re:** <br> Jeannie Quinteros, <br>          Debtor. <br><br> ─────────────────── <br><br> JEANNIE QUINTEROS, <br>          Plaintiff/Debtor, <br><br> vs. <br><br> NATIONAL HOME INVESTORS, LLC, CAPITAL VENTURES INTERNATIONAL, LLC, NATIONAL HOME INVESTMENT, LLC, NICHOLAS LAMPARIELLO, MADISON MANAGEMENT SERVICES, LLC, CITIMORTGAGE, INC., AND DOES 1 THROUGH 25, INCLUSIVE; AND DOES I THROUGH 10, INCLUSIVE, <br><br>          *Defendants*. | **Chapter 13** <br><br> **[HON. JUDGE S. MARTIN TEEL, JR.]** <br><br> Case No.: 19-00195-SMT <br><br> Adversary Proceeding No._____ <br><br> COMPLAINT TO DETERMINE THE VALIDITY OF LIEN ON REAL PROPERTY; FOR QUIET TITLE; FOR INJUNCTIVE RELIEF, FOR TURNOVER OF $6,548.38 AND RELATED RELIEF) AND TO CANCEL OR SET ASIDE FRAUDULENT LOAN MODIFICATION <br><br> **DEMAND FOR JURY TRIAL** |

## DEBTOR'S ADVERSARY PROCEEDING COMPLAINT

COMES NOW, Plaintiff/Debtor, JEANNIE QUINTEROS,

("Debtor"), appearing *pro se,* herein, files this adversary proceeding

complaint against Defendants, NATIONAL HOME INVESTORS, LLC,

CAPITAL VENTURES INTERNATIONAL, LLC, NATIONAL HOME

INVESTMENT, LLC, NICHOLAS LAMPARIELLO, MADISON

MANAGEMENT SERVICES, LLC, CITIMORTGAGE, INC., AND Does

1 through 10 Inclusive, and alleges as follows:

1. Plaintiff seeks a determination of the extent and validity of a lien

on Real Property (the "Property") pursuant to B.R. 7001(2), which provides

for an adversary proceeding "to determine the validity, priority, or extent of

a lien or other interest in real property commonly described as: 1596 Salerno

Circle, Weston, FL 33327 (hereinafter the "Subject Property") and more

fully legally described as:

> SECTORS 3 & 4 BOUNDARY PLAT 146-18 B POR PAR C DESC'D
> AS:COMM SW COR PAR B SAID PLAT;E 1055.81 TO POB E
> 44.86,NE 1.34,SE 100,WLY 44.73 NW 100 TO POB AKA: LOT 87
> SINGLE FAMILY SAN MESSINA

# I
## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§

157 and 1334, and 11 U.S.C. §§523& 524. This Adversary

Proceeding is a core proceeding pursuant to 28 U.S.C. § 157

3. This adversary proceeding relates to the Chapter 13 (Thirteen)

case of *In re Jeannie Quinteros*, Debtor in Possession in Case No. **19-00195-**

**SMT,** now pending in the United States Bankruptcy Court for the

**DISTRICT OF COLUMBIA.**

    4.   Venue lies in District of Columbia pursuant to 28 U.S.C. §

1408(1) and 1409(a), as this is a proceeding arising under the Bankruptcy in

the case commenced by the Debtor under Chapter 13 of the Bankruptcy

Code in The District of Columbia.

**II**
**PARTIES**

  5.  Plaintiff/Debtor, JEANNIE QUINTEROS, ("Plaintiff" or "Debtor"),

is the debtor in this Chapter 13 bankruptcy core  and non-core proceeding in

Case No. **19-00195-SMT.**

  6.  Plaintiff is informed and believes, and thereon alleges that,

Defendants' conduct and participation, herein alleged, was not privilege and

was outside the scope of constitutionally protected rights.

  7.  Plaintiff is informed and believes, and thereon alleges that, Defendant,

NATIONAL HOME INVESTORS, LLC is organized and existing under the

laws of the state of California; and at all relevant times herein, was

conducting business in the County of Broward, State of Florida.

  8.  Plaintiff is informed and believes, and thereon alleges that, Defendant,

3

CAPITAL VENTURES INTERNATIONAL, LLC, is organized and existing under the laws of the state of Delaware; and at all relevant times herein, was conducting business in the County of Broward, State of Florida.

9. Plaintiff is informed and believes, and thereon alleges that, Defendant, NATIONAL HOME INVESTMENT, LLC had a principal address in Broward County, Florida.

10. Defendant, NICHOLAS LAMPARIELLO, claimed to be the lender of Plaintiff's Mortgage Note.   Defendant has a principal address in Broward County, Florida. Further, NICHOLAS LAMPARIELLO operates, conducts, engages in, or carries on a business or business venture within this State and has an office within this State.

11. Plaintiff is informed and believes, and thereon alleges, that, Defendant, MADISON MANAGEMENT SERVICES, LLC has a principal address in Broward County, Florida.   MADISON MANAGEMENT SERVICES, LLC operates, conducts, engages in, or carries on a business or business venture within this State and has an office within this State.

12. Plaintiff is informed and believes, and thereon alleges that, Defendant, CITIMORTGAGE, INC; is organized and existing under

the laws of United States, and under of the laws of the state of New York;

and at all relevant times herein, was conducting business in the County of

Broward, State of Florida.

13. That all conditions precedent to this action have been performed,

have occurred or have been waived.

14. Plaintiff does not know the true names, capacities, or basis

for liability of Defendants sued herein as Does 1 through 10, inclusive, as

each fictitiously named Defendant is in some manner liable to Plaintiff, or

claims some rights, title, or interest in the Property which is the subject of

this litigation. Plaintiff will amend this Complaint to allege their true names

and capacities when ascertained.

15. Plaintiff does not know the true names, capacities, or basis for

liability of Defendants sued herein as Does 1 through 10, inclusive, as each

fictitiously named Defendant is in some manner liable to Plaintiffs, or

claims some right, title, or interest in the Property. Plaintiffs will amend this

Complaint to allege their true names and capacities when ascertained.

16. Plaintiff is informed and believes, and therefore alleges, that at all

relevant times mentioned in this Complaint, each of the fictitiously named

Defendants are responsible in some manner for the injuries and damages to

Plaintiff so alleged and that such injuries and damages were proximately caused by such Defendants, and each of them.

17.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants were the agents, employees, servants and/or the joint-venturers of the remaining Defendants, and each of them, and in doing the things alleged herein below, were acting within the course and scope of such agency, employment and/or joint venture and enterprise.

### III
### FACTUAL BACKGROUND

18.    Prior to the Petition date, debtor, Jeannie Quinteros, ("Plaintiff" or "Debtor"), in the ordinary course of business, as home owner, and an unsophisticated consumer, entered into what debtor thought to be a legitimate loan modification agreement with Defendants, Nicholas Lampariello and Capital Ventures International, LLC.  Nicholas Lampariello and Capital Ventures International, LLC demanded that Plaintiff/debtor pay $6,548.38 for the sham loan modification.  The loan modification agreement that touched and concerned the Debtor's real property commonly described as: 1596 Salerno Circle, Weston, FL 33327 (hereinafter the "Subject Property").

19.  To date, the purported loan modification has not been used to pay

off any encumbrance or lien on Plaintiff's real property.

20.  Plaintiff/Debtor alleges that the time of the purported loan

Modification, Defendants, Nicholas Lampariello and Capital Ventures

International, LLC were not the holder of Plaintiff's Note in due course.

However, Nicholas Lampariello and Capital Ventures International, LLC

represented to Plaintiff/Debtor that they have the "Note" to plaintiff's home

of several years.    Defendants were aware of the misrepresentations and

profited from them.

21.  Plaintiff is informed and believes, and thereon alleges that,

Defendant, Nicholas Lampariello, is based in Florida, is the attorney for

Capital Ventures International, LLC and as well as attorney for National

Home Investors, LLC.  However, Defendant, Nicholas Lampariello claimed

to be the lender of the Mortgage that secured Plaintiff's Note and Deed of

Assignment or Deed of Trust.

22.   Plaintiff/Debtor alleges that, the loan modification was a sham loan

modification because the purported loan modification was never used

to pay off or clear any encumbrance or lien on Debtor's real property.

23.  Plaintiff is informed and believes, and thereon alleges that, each of

the Defendants named herein are believed to have been acting in concert

with, as employee, agent, co-conspirator or member of a joint venture of,

each of the other Defendants, and are therefore alleged to be jointly and

severally liable for the claims set forth herein in the Adversary proceeding

Complaint.

24.    Upon information and belief, Defendants, NATIONAL HOME

INVESTORS, LLC, CAPITAL VENTURES INTERNATIONAL, LLC,

NATIONAL HOME INVESTMENT, LLC, NICHOLAS LAMPARIELLO,

MADISON MANAGEMENT SERVICES, LLC, and CITIMORTGAGE,

INC., used corporate entities to fraudulently exploit Plaintiff and vulnerably

homes owners through making false statements regarding parties respective

duties, obligations, and contractual rights through deceptive loan

modification schemes.

25.    Specifically, on information and belief, Defendants, NATIONAL

HOME INVESTORS, LLC, CAPITAL VENTURES INTERNATIONAL,

LLC, NATIONAL HOME INVESTMENT, LLC, NICHOLAS

LAMPARIELLO, MADISON MANAGEMENT SERVICES, LLC, and

CITIMORTGAGE, INC, engage in deceptive business practices with

respect to mortgage loan servicing, assignments of notes and deeds of trust,

foreclosure of residential properties and by improperly characterizing

Plaintiff's accounts as being in default or delinquent in furtherance of their Loan Modification schemes.    Defendants engaged in executing and recording false and misleading documents; and acting as beneficiaries and trustees without the legal authority to do so.

26.    On or about 2011, Defendants, NATIONAL HOME INVESTORS, LLC, CAPITAL VENTURES INTERNATIONAL, LLC, NATIONAL HOME INVESTMENT, LLC, NICHOLAS LAMPARIELLO, MADISON MANAGEMENT SERVICES, LLC, and CITIMORTGAGE, INC, represented to Plaintiff that Defendants are the holder of Plaintiff's Note in due course and that they have the right to file a judicial foreclosure on the subject property.

27.    Plaintiff/Debtor alleges that, any applicable statutes of limitations have been tolled by the Defendants' continuing, fraud, knowing, and active concealment of the facts alleged herein.    Despite exercising reasonable diligence, Plaintiff/Debtor could not have discovered, and did not discover, and was prevented from discovering, the wrongdoing complained of herein.

28.    Plaintiff/Debtor alleges that, in their zeal to deprive Plaintiff/Debtor of all pecuniary interest in her real property, Defendants, NATIONAL HOME INVESTORS, LLC, CAPITAL VENTURES INTERNATIONAL, LLC, NATIONAL HOME INVESTMENT, LLC,

NICHOLAS LAMPARIELLO, MADISON MANAGEMENT SERVICES, LLC, and CITIMORTGAGE, INC, and their privies instituted several lawsuits against Plaintiff/Debtor and each time, Defendants' lawsuit against Plaintiff/Debtor was dismissed for inability to produce the "Original Note" to Plaintiff's real property.

29.    Plaintiff/Debtor alleges that, on or about on February 17, 2015, Defendant, Nicolas Lampariello who always claimed to be a party in interest under Plaintiff's Note, finally filed a motion to dismiss their frivolous lawsuit with prejudice.  **(Plaintiff/Debtor Exhibit "A").**   The case was filed by NATIONAL HOME INVESTORS, LLC aka NATIONAL HOME INVESTMENT, LLC against the Plaintiff who are the privies of Defendants, Nicolas Lampariello and Capital Ventures International, LLC

30. Plaintiff/Debtor alleges that, on February 23, 2015, the Court in the state of Florida accepted Nicolas Lampariello's motion to dismiss the foreclosure case with prejudice.  (Plaintiff's Exhibit "A").

31.  On February 23, 2015, the Court entered an order dismissing NATIONAL HOME INVESTORS, LLC aka NATIONAL HOME INVESTMENT, LLC's fraudulent foreclosure claims with prejudice.  The Motion to Dismiss with prejudice was drafted by National Home Investors, LLC, Nicolas Lampariello on February 17, 2015.

32.   Plaintiff/Debtor alleges that, after the case was dismissed with prejudice, Defendant, Nicolas Lampariello individually, claimed he was the Lender of who financed the Note which secured Plaintiff's real property and home of many years.  Plaintiff/Debtor alleges that the representation by Nicolas Lampariello is false.   Nicolas Lampariello is not the holder of Plaintiff's Note in due course.

33. The Motion to Dismiss with prejudice was drafted by National Home Investors, LLC, Nicolas Lampariello on February 17, 2015.   After the case was dismissed with prejudice, Nicolas Lampariello individually, claimed he was the Lender of who financed the Note which secured Plaintiff's real property and home of many years.  Plaintiff alleges that this representation is false.

34.   Plaintiff/Debtor alleges that on or about November 13, 2014 while NATIONAL HOME INVESTMENT, LLC and NATIONAL HOME INVESTMENT, LLC case against Plaintiff was pending,  Defendant assigned a purported Mortgage Note it did not posses to CAPITAL VENTURES INTERNATIONAL, LLC.   Defendants claimed Nicolas Lampariello was the lender.

35.   On or about January 12, 2015 Defendants represented to

Plaintiff that they are the holder of Plaintiff's note and induced Plaintiff to execute a written loan modification agreement with Defendants, CAPITAL VENTURES INTERNATIONAL, LLC, NICHOLAS LAMPARIELLO, and MADISON MANAGEMENT SERVICES, LLC, pursuant to which Plaintiff paid Defendants the sum exceeding $US6,548.38 for a purported loan modification.

36.  Plaintiff alleges that, any applicable statutes of limitations have been tolled by the Defendants' continuing, knowing, and active concealment of the facts alleged herein.   Despite exercising reasonable diligence, Plaintiff could not have discovered, did not discover, and was prevented from discovering, the fraudulent wrongdoing complained of herein until January of 2019.

37.   Plaintiff alleges that MADISON MANAGEMENT SERVICES, LLC, camouflage as the purported servicer of the fraudulent modification in furtherance of racketeering schemes.

38.  Plaintiff alleges that Defendants knew or should have known that had the truth been disclosed, Plaintiff would not have entered into the Loans modification agreement with the Defendants.

39.  Plaintiff/Debtor alleges that, Defendants intended to induce Plaintiff based on these misrepresentations and improper disclosures.

40. Plaintiff's reasonable reliance upon the misrepresentations was detrimental.  But for failure to disclose the true and material terms of the transaction, Plaintiff could have been alerted to issues of concern.   Plaintiff would have known of Defendants true intentions and profits from the proposed sham loan modification.   Plaintiff would have known that the actions of Defendants would have an adverse effect on the value of Plaintiff's real property.

41.   Defendants' failure to disclose that they are not the holder of Plaintiff's Note induced Plaintiff to enter into the loan modification.

42.   Plaintiff seeks damages including punitive damages against, Defendants, NATIONAL HOME INVESTORS, LLC, CAPITAL VENTURES INTERNATIONAL, LLC, NATIONAL HOME INVESTMENT, LLC, NICHOLAS LAMPARIELLO, MADISON MANAGEMENT SERVICES, LLC, and CITIMORTGAGE, INC, for intentional deceit and for the unlawful encumbrance of Plaintiff's real property.

<u>FIRST CLAIM FOR RELIEF</u>

## COUNT I: TURNOVER OF ESTATE PROPERTY PURSUANT TO 11
## U.S.C. § 542(a)

43.   Plaintiff/Debtor hereby re-alleges and incorporates all proceeding paragraphs as if fully set forth herein.

44.     Section 542(a) of the United States Bankruptcy Code provides, in pertinent part:

> [A]n entity, other than a custodian, in possession, custody, or control during the case, of property that the trustee may use, sell, or lease under section 363 of [the Bankruptcy Code],....shall deliver to the trustee, and account for, such property or the value of such property....

45.   Section 541 of the Bankruptcy Code provides that a debtor's estate is comprised of, subject to certain exceptions, "all legal or equitable interests of the debtor as of the commencement of the case." 11 U.S.C. § 541(a)(1).

46.   Prior to the Petition date, debtor in the ordinary course of business, as home owner an unsophisticated consumer, entered into what debtor thought to be a legitimate loan modification with Defendants, NICHOLAS LAMPARIELLO and CAPITAL VENTURES INTERNATIONAL, LLC pursuant to which Defendants demanded $6,548.38 from the Debtor for what is now known to be sham loan modification for Debtor's real property commonly described as: 1596 Salerno Circle, Weston, FL 33327 (hereinafter the "Subject Property").

47.   The loan modification was never used to pay off any encumbrance or lien on Debtor's real property.

48.   Plaintiff alleges that the $6,548.38 which Defendants, Nicholas Lampariello and Capital Ventures International, LLC unlawfully collected from Plaintiff is the Debtor's estate that is in Defendants' control and possession.

49. Therefore, pursuant to 11 U.S.C. § 542(a) Plaintiff is entitled to the turnover of the $6,548.38.

**WHEREFORE**, Plaintiff/Debtor respectfully requests this Court enter judgment against Defendants as follows:

(i) Finding that Plaintiff's is entitled to recover the $6,548.38 pursuant to section 541 of the Bankruptcy Code; and

(ii) that Defendants must turnover said $6,548.38  to Plaintiff pursuant to section 542 of the Bankruptcy Code; and

(iii) Award Plaintiff such other legal or equitable relief as the Court deems just and proper.

SECOND CLAIM FOR RELIEF

15

(VIOLATION OF 11 U.S.C. § 541 AND 11 U.S.C. § 541-TO RECOVER
$US 6,548.38  AND RELATED RELIEF)

(Against All Defendants)

50.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

51.   Plaintiff contends that, in a Chapter 13 case, a debtor has some independent authority to use, sell, or lease property. 11 U.S.C. § 1303 therefore can seek the turnover of the $6,000 Plaintiff paid to Defendants for Loan Modification.

52.   Pursuant to section 541 and 542 of the Bankruptcy Code, any party in possession, custody or control of property of Plaintiff's bankruptcy estate must turn over and deliver such property or the value thereof to Plaintiff.

53.   Plaintiff contends that Under 11 U.S.C. § 541(a)(1), the filing of a bankruptcy petition creates an estate that includes "all legal or equitable interests of the debtor in property as of the commencement of the case." See, *In United States v. Whiting Pools, Inc.*, 462 U.S. 198 (1983).

54.   On or about January 12, 2015, Defendants represented to Plaintiff that they are the holder of Plaintiff's note and induced Plaintiff to execute a written loan modification agreement with Defendants, CAPITAL VENTURES INTERNATIONAL, LLC, NICHOLAS LAMPARIELLO, and

MADISON MANAGEMENT SERVICES, LLC, pursuant to which Plaintiff paid Defendants the sum exceeding $US6,548.38 for a purported loan modification.

55. Plaintiff alleges that, any applicable statutes of limitations have been tolled by the Defendants' continuing, knowing, and active concealment of the facts alleged herein.    Despite exercising reasonable diligence, Plaintiff could not have discovered, did not discover, and was prevented from discovering, the wrongdoing complained of herein.

56. Plaintiff alleges that CAPITAL VENTURES INTERNATIONAL, LLC, NICHOLAS LAMPARIELLO, and MADISON MANAGEMENT SERVICES, LLC's representation that they posses legal authority to execute a loan modification under Plaintiff's Note and Deed of Trust was false.

57. Plaintiff alleges that CAPITAL VENTURES INTERNATIONAL, LLC, NICHOLAS LAMPARIELLO, and MADISON MANAGEMENT SERVICES, LLC will be unduly enriched by their fraud if they are not ordered to turnover the property.

58. Plaintiff is informed and believes, and based thereon alleges that Defendants, NATIONAL HOME INVESTORS, LLC, CAPITAL VENTURES INTERNATIONAL, LLC, NATIONAL HOME INVESTMENT, LLC, NICHOLAS LAMPARIELLO, MADISON

MANAGEMENT SERVICES, LLC, and CITIMORTGAGE, INC, and each
of the Defendants, have collaborated to engage and engaged in predatory
fraudulent Loan Modification practices.

59. Plaintiff alleges that the purported Loan Modification was never used
to pay-off any encumbrances or lien of Plaintiff's real property.

60. Plaintiff alleges that, in furtherance of the Loan Modification
schemes, Defendants, CAPITAL VENTURES INTERNATIONAL, LLC,
NICHOLAS LAMPARIELLO, and MADISON MANAGEMENT
SERVICES, LLC induced Plaintiff to pay Defendants in excess of
$6,548.38.

61.   Plaintiff alleges that, a bankruptcy estate is formed upon the filing
of a bankruptcy petition. According to the Bankruptcy Code, the estate
consists of: "all legal or equitable interests of the debtor in property as of the
commencement of the case." 11 U.S.C. § 541(a)(1).

62. Accordingly, pursuant to Section 542(a) of the Bankruptcy Code,
Plaintiff is entitled to an Order of the Court directing Defendants to
immediately turnover to Plaintiff monies due and owing to Plaintiff in the
amount of six thousand (US$6,548.38).

**WHEREFORE**, Plaintiff/Debtor respectfully requests this Court enter judgment against Defendants as follows:

(i) Finding that Plaintiff's is entitled to recover the $6,548.38 pursuant to section 541 of the Bankruptcy Code; and

(ii) that Defendants must turnover said $6,548.38 to Plaintiff pursuant to section 542 of the Bankruptcy Code; and

(iii) Award Plaintiff such other legal or equitable relief as the Court deems just and proper.

## THIRD CLAIM FOR RELIEF

### (INTENTIONAL MISREPRESENTATION AND RELATED RELIEF)

### (Against All Defendants)

63.   Plaintiff/Debtor re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

64.   Plaintiff alleges that, Defendants, National Home Investors, LLC, Capital Ventures International, LLC, National Home Investment, LLC, Nicholas Lampariello, Madison Management Services, LLC intentionally misrepresented to Plaintiff that Defendants were entitled to exercise the power of sale provision contained in the Deed of Trust.

65.  Plaintiff further alleges that, on or about January 12, 2015

Defendants, NATIONAL HOME INVESTORS, LLC, CAPITAL

VENTURES INTERNATIONAL, LLC, NATIONAL HOME

INVESTMENT, LLC, NICHOLAS LAMPARIELLO, MADISON

MANAGEMENT SERVICES, LLC intentionally misrepresented to

Plaintiff that Defendants were entitled to exercise the power to execute a

loan modification under Plaintiff's Note and deed of trust.

66. Plaintiff alleges that, any applicable statutes of limitations have been

tolled by the Defendants' continuing, knowing, and active concealment of

the facts alleged herein.    Despite exercising reasonable diligence, Plaintiff

could not have discovered, did not discover, and was prevented from

discovering, the wrongdoing complained of herein.

67.  Plaintiff alleges that Defendants representation were false and that,

Defendants were not entitled to any legal, equitable, or actual beneficial

interest whatsoever in the subject Property.

68. Plaintiff alleges that, Defendants further misrepresented that they are

the "holder and owner" of the Note and the beneficiary of the Deed of Trust.

However, this was not true and was a misrepresentation of material fact.

69.Plaintiff alleges that, Defendants were attempting to collect on a debt

to which they have no legal, equitable, or pecuniary interest in. This type of conduct is outrageous.

70.  Defendants' failure to disclose the material terms of the transaction induced Plaintiff to enter into the loan modification which is now know to be sham orchestrated by the Defendants.

71. The material misrepresentations were made by Defendants with the intent to cause Plaintiff to reasonably rely on the misrepresentation in order to induce the Plaintiffs to rely on the misrepresentations and foreclosure on the Property.  This material misrepresentation was made with the purpose of initiating the securitization process as illustrated above, in order to profit from the sale of the Property by selling the note to sponsors who then pool the note and sell it to investors.

72. Defendants were aware of the misrepresentations and profited from them.

73. As a direct and proximate result of the misrepresentations and concealment, Plaintiffs were damaged in an amount to be proven at trial, including but not limited to costs of Loan, damage to Plaintiffs' financial security, emotional distress, and Plaintiff has incurred costs and attorney's fees.

74. Defendants are liable of malice, fraud and/or oppression.

Defendants' actions were malicious and done willfully in conscious

disregard of the rights and safety of Plaintiffs in that the actions were

calculated to injure Plaintiffs.    As such Plaintiff is entitled to recover, in

addition to actual damages, punitive damages to punish Defendants and to

deter them from engaging in future misconduct.

**WHEREFORE**, Plaintiff/Debtor prays judgment against all Defendants,

and each of them, as follows:

> (i)    For general and special damages according to proof;

> (ii).    For Punitive and exemplary damages according to
> proof;

> (iii)    For cost of suit incurred in this action;

> (iv)    For such other and further relief as the court may deem
> just and proper

## FOURTH CLAIM FOR RELIEF

### (FRAUD IN THE INDUCEMENT AND RELATED RELIEF)

### (Against All Defendants)

75.    Plaintiff re-alleges and incorporates by reference all preceding

paragraphs as though fully set forth herein.

76.    On or about January, 02, 2011, Defendants, National Home

Investors, LLC, Capital Ventures International, LLC, National Home

Investment, LLC, Nicholas Lampariello, and Madison Management

Services, LLC intentionally misrepresented to Plaintiff that Defendants were

entitled to exercise the power of sale provision contained in the Deed of

Assignment and that they were entitled to execute a Loan Modification with

Plaintiff.  In fact, Defendants were not entitled to do so and have no legal,

equitable, or actual beneficial interest whatsoever in the subject property.

77.    Plaintiff further alleges that on or about January, 12, 2015,

Defendants, CAPITAL VENTURES INTERNATIONAL, LLC,

NICHOLAS LAMPARIELLO, and MADISON MANAGEMENT

SERVICES, LLC intentionally misrepresented to Plaintiffs that Defendants

were entitled to execute a loan modification under Plaintiff's Note and Deed

of Assignment as such, Plaintiff debtor must pay them over $US 6,548.38

for the Loan Modification.

78.  Plaintiff/Debtor alleges that, Defendants misrepresented that they

are the "holder and owner" of the Note and the beneficiary of the Deed of

Trust.  However, this was not true and was a misrepresentation of material

fact.  No documents states that the original lender allegedly sold the

mortgage loan to NATIONAL HOME INVESTORS, LLC, CAPITAL

VENTURES INTERNATIONAL, LLC, NATIONAL HOME

INVESTMENT, LLC, NICHOLAS LAMPARIELLO, or to MADISON

MANAGEMENT SERVICES, LLC.   Plaintiff alleges that, Defendants

were attempting to collect on a debt to which they have no legal, equitable,

or pecuniary interest in.

79. Defendants' failure to disclose the material terms of the Loan

Modification transaction induced Plaintiff to enter into the purported loan

modification and accept the Services as alleged herein.

80. The material misrepresentations were made by Defendants with the

intent to cause Plaintiff to reasonably rely on the misrepresentation in order

to foreclosure on Plaintiff's real Property.  This material misrepresentation

was made with the purpose of initiating the foreclosure process in order to

profit from the sale of Plaintiff/Debtor's real Property.

81.  Plaintiff/Debtor alleges that, Defendants were aware of the

misrepresentations and profited from them.

82. As a direct and proximate result of the misrepresentations and

concealment, Plaintiffs were damaged in an amount to be proven at trial,

including but not limited to costs of Loan, damage to Plaintiffs' financial

security, emotional distress, and Plaintiffs have incurred costs and attorney's

fees.   Defendants are liable of malice, fraud and/or oppression.  Defendants'

actions were malicious and done willfully in conscious disregard of the

rights and safety of Plaintiff in that the actions were calculated to injure Plaintiff/debtor.   As such Plaintiff is entitled to recover, in addition to actual damages, punitive damages to punish Defendants and to deter them from engaging in future misconduct.

**WHEREFORE**, Plaintiff/Debtor prays judgment against all Defendants, and each of them, as follows:

> (i)   For general and special damages according to proof;
>
> (ii).   For Punitive and exemplary damages according to proof;
>
> (iii)   For  cost of suit incurred in this action;
>
> (iv)    For such other and further relief as the court may deem just and proper

## FIFTH CLAIM FOR RELIEF

### (CANCELLATION OF SHAM LOAN MODIFICATION AND RELATED RELIEF)

#### (Against All Defendants)

83. Plaintiff/Debtor re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

84.  Prior to the Petition date, debtor, Jeannie Quinteros, ("Plaintiff" or

"Debtor"), in the ordinary course of business, as home owner, and an unsophisticated consumer, entered into what debtor thought to be a legitimate loan modification agreement with Defendants, Nicholas Lampariello and Capital Ventures International, LLC.  Nicholas Lampariello and Capital Ventures International, LLC demanded that Plaintiff/debtor pay $6,548.38 for the sham loan modification.  The loan modification agreement that touched and concerned the Debtor's real property commonly described as: 1596 Salerno Circle, Weston, FL 33327 (hereinafter the "Subject Property").

85.  On or about January 12, 2015, Defendants represented to Plaintiff that they are the holder of Plaintiff's note and induced Plaintiff to execute a written loan modification agreement with Defendants, CAPITAL VENTURES INTERNATIONAL, LLC, NICHOLAS LAMPARIELLO, and MADISON MANAGEMENT SERVICES, LLC, pursuant to which Plaintiff paid Defendants the sum exceeding $US6, 548. 38 for a purported loan modification.

86. To date, the purported loan modification has not been used to pay off any encumbrance or lien on Plaintiff's real property.

87.  Plaintiff/Debtor alleges that the time of the purported loan

Modification, Defendants, Nicholas Lampariello and Capital Ventures International, LLC were not the holder of Plaintiff's Note in due course. However, Nicholas Lampariello and Capital Ventures International, LLC represented to Plaintiff/Debtor that they have the "Note" to plaintiff's home of several years.   Defendants were aware of the misrepresentations and profited from them.

88.  Plaintiff is informed and believes, and thereon alleges that, Defendant, Nicholas Lampariello, is based in Florida, is the attorney for Capital Ventures International, LLC.and as well as attorney for National Home Investors, LLC.  However, Defendant, Nicholas Lampariello claimed to be the lender of the Mortgage that secured Plaintiff's Note and Deed of Assignment or Deed of Trust.

89.   Plaintiff/Debtor alleges that, the loan modification was a sham loan modification because the purported loan modification was never used to pay off or clear any encumbrance or lien on Debtor's real property.

90.  If the sham loan modification is left outstanding, Plaintiff will continue to suffer loss and damages. Plaintiff therefore seeks cancellation of the above -mentioned sham loan modification.

91. Plaintiff is informed and believes, and therefore alleges,

NATIONAL HOME INVESTORS, LLC, CAPITAL VENTURES

INTERNATIONAL, LLC, NATIONAL HOME INVESTMENT, LLC,

NICHOLAS LAMPARIELLO, and MADISON MANAGEMENT

SERVICES, LLC acted willfully and with a conscious disregard for

Plaintiff's rights and with a specific intent to defraud and injure Plaintiff, by

causing the above documents to be prepared and recorded without a factual

or legal basis for doing so.

92.    By virtue of Defendants' willful and wrongful conduct as herein

alleged above, Plaintiff is entitled to general and special damages according

to proof at trial, but not less than $1,895,250. 00, as well as punitive and

exemplary damages as determined by this Court.

## SIXTH CLAIM FOR RELIEF

### (QUIET TITLE AND RELATED RELIEF)

### (Against All Defendants)

93. Plaintiff/Debtor re-alleges and incorporates by reference all preceding

paragraphs as though fully set forth herein.

94. Plaintiff seeks a determination of the extent and validity of a lien on

Real Property (the "Property") pursuant to B.R. 7001(2), which provides for

an adversary proceeding "to determine the validity, priority, or extent of a

lien or other interest in real property commonly described as: 1596 Salerno

Circle, Weston, FL 33327 (hereinafter the "Subject Property") and more

fully legally described as:

> SECTORS 3 & 4 BOUNDARY PLAT 146-18 B POR PAR C DESC'D
> AS:COMM SW COR PAR B SAID PLAT;E 1055.81 TO POB E
> 44.86,NE 1.34,SE 100,WLY 44.73 NW 100 TO POB AKA: LOT 87
> SINGLE FAMILY SAN MESSINA

95. Plaintiff alleges that, Defendants, NATIONAL HOME

INVESTORS, LLC, CAPITAL VENTURES INTERNATIONAL, LLC,

NATIONAL HOME INVESTMENT, LLC, NICHOLAS LAMPARIELLO,

MADISON MANAGEMENT SERVICES, LLC, and CITIMORTGAGE,

INC named herein claim an interest and estate in the property adverse to

plaintiffs in that defendants asserts that they are the owner of the note

secured by the deed of trust to the property the subject of this suit.

96. ALL the above named Defendants claims an interest and estate in the

property adverse to plaintiffs in that defendants asserts that they are the

owner of deed of trust securing the note to the property the subject of this

suit.

97. The claims of all defendants are without any right whatsoever, and

defendants have no right, estate, title, lien or interest in or to the property, or any part of the property.

98.The claim of all defendants herein named, and each of them, claim some estate, right, title, lien or interest in or to the property adverse to plaintiff's title, and these claims constitute a cloud on plaintiff's title to the property.

99.Plaintiff, therefore, allege, upon information and belief, that none of the parties to neither the securitization transaction, nor any of the Defendants in this case, hold a perfected and secured claim in the Property; and that all Defendants are estopped and precluded from asserting an unsecured claim against Plaintiff's real property.

100.    Plaintiff request the decree permanently enjoin defendants, and each of them, and all persons claiming under them, from asserting any adverse claim to plaintiff's title to the property.

101.    Plaintiff requests the court award the plaintiffs costs of this action, and such other relief as the court may deem proper

## SEVENTH CLAIM FOR RELIEF

### (DECLARATORY RELIEF)

### (AGAINST ALL DEFENDANTS)

102.    Plaintiff/Debtor re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

103.        Plaintiff/Debtor is not indebted to Defendants, NATIONAL HOME INVESTORS, LLC, CAPITAL VENTURES INTERNATIONAL, LLC, NATIONAL HOME INVESTMENT, LLC, NICHOLAS LAMPARIELLO, MADISON MANAGEMENT SERVICES, LLC, or CITIMORTGAGE, INC.

104.    Plaintiff alleges that the above named Defendants are not the holder of Plaintiff's "Note" in due course and Defendants and each of them has no pecuniary interest in Plaintiff's real property.

105.    Plaintiff/Debtor further alleges that, Defendants, and each of them, disparaged Plaintiff/Debtor's exclusive valid title by and through the preparing, posting, publishing, and recording of the documents previously described herein, including, but not limited to, fraudulent loan modification.

106.    Plaintiff further alleges that, an actual controversy has arisen and now exists between Plaintiff/Debtor and Defendants, NATIONAL HOME INVESTORS, LLC, CAPITAL VENTURES INTERNATIONAL, LLC, NATIONAL HOME INVESTMENT, LLC, NICHOLAS LAMPARIELLO, MADISON MANAGEMENT SERVICES, LLC, and CITIMORTGAGE,

INC concerning their respective rights and duties regarding the Note and Trust Deed or Deed of Assignment.

107.    Plaintiff/Debtor further alleges that that, Defendants do not have authority to foreclose upon and sell Plaintiff's real Property. Plaintiff/Debtor is informed and believes and upon that basis alleges that Defendants are in involved in real estate racketeering schemes and defrauding home owners.

108.    Plaintiff/Debtor therefore request a judicial determination of the rights, obligations and interest of the parties with regard to the Property, and such determination is necessary and appropriate at this time under the circumstances so that all parties may ascertain and know their rights, obligations and interests with regard to Plaintiff's real Property.

109.    Plaintiff/Debtor requests a determination of the validity of the Trust Deeds or "NOTE" as of the date the Notes were assigned without a concurrent assignation of the underlying Trust Deeds.

110.    Plaintiff/Debtor request a determination of the validity of Defendants' claims of "LOST NOTE" that they never possess.

111.    Plaintiff/Debtor requests a determination of whether any Defendants have authority to foreclose on the Property.

112.    Plaintiff/Debtor requests all adverse claims to the real property must be determined by a decree of this court.

113.    Plaintiff/Debtor requests the decree declare and adjudge that plaintiff is entitled to the exclusive possession of the property.

114.    Plaintiff/Debtor requests the decree declare and adjudge that plaintiffs owns in fee simple, and is entitled to the quiet and peaceful possession of, the above-described real property.

115.    Plaintiff/Debtor requests the decree declare and adjudge that defendants, and each of them, and all persons claiming under them, have no estate, right, title, lien, or interest in or to the real property or any part of the property.

**WHEREFORE,** Plaintiff respectfully requests this Court to award Plaintiff exclusive possession of the property; and quiet and peaceful possession of the above-described property, and  Defendants have no enforceable secured or unsecured claim against Plaintiff's real Property, and the Mortgage Originator has no enforceable secured or unsecured claim against the Property and for compensatory damages in an amount of $400,000.00

## EIGHTH CLAIM FOR RELIEF

### (INJUNCTIVE RELIEF)

(AGAINST ALL DEFENDANTS)

116.  Plaintiff/Debtor re-alleges and incorporate by reference all preceding paragraphs as though fully set forth herein.

117.   An actual controversy has arisen and now exists between Plaintiff sand Defendants concerning their respective rights and duties regarding the Note and Trust Deed or Assignment of Deed.

118.   Plaintiff contends that pursuant to the mortgage loans and the Deed of Trust or Deed of Assignments, Defendants, do not have authority to foreclose upon and/or sell Plaintiffs' real properties described above.

119.  Plaintiff brings this action for preliminary injunction against Defendants, NATIONAL HOME INVESTORS, LLC, CAPITAL VENTURES INTERNATIONAL, LLC, NATIONAL HOME INVESTMENT, LLC, NICHOLAS LAMPARIELLO, MADISON MANAGEMENT SERVICES, LLC, and CITIMORTGAGE, INC, and their agents, officers, employees, and affiliates or associated parties for their and their predecessors' actions in engaging in a pattern of unlawful, fraudulent, and unfair predatory real estate practices causing Plaintiff to become victim of such behavior and to be in jeopardy of losing her real property through unlawful judicial foreclosure.

120. Plaintiff has clear legal rights to seek temporary and permanent injunctive relief as Plaintiff has legal rights to her real property and as Defendants, NATIONAL HOME INVESTORS, LLC, CAPITAL VENTURES INTERNATIONAL, LLC, NATIONAL HOME INVESTMENT, LLC, NICHOLAS LAMPARIELLO, MADISON MANAGEMENT SERVICES, LLC, and CITIMORTGAGE, INC are without any satisfying and necessary legal standing to institute a foreclosure, are seeking, to take possession, custody, and control of Plaintiffs' real property and ultimately remove the Plaintiffs from their home/real property.

121.   Plaintiff has no adequate remedy at law to redress the harm complained of, and the sale of the Plaintiff's property, under the circumstances of record, is contrary to equity and good conscience in that such sale is being instituted by Defendants who have no legal standing to institute or maintain the non-judicial foreclosure.

122.   The specific facts set forth in this Complaint demonstrates that unless an injunctive relief temporary is granted against Defendants from removing Plaintiff from their real properties during the pendency of this lawsuit, Plaintiff will suffer irreparable injury, loss, and damage of her real properties.   The threatened injury to Plaintiff's real property and personal

rights cannot be compensated for by an ordinary damage award in that Plaintiff's real property is unique and her right thereto sacrosanct.

123.    Under the circumstances where the unlawful judicial foreclosure has commenced, Defendants are threatening to remove Plaintiff from her property, irreparable loss to Plaintiff will result if the Injunctive Relief requested herein is not granted immediately.

124.    As Defendants have no legal standing to institute or maintain a foreclosure of Plaintiff's real Property, there is no harm to Defendants with the granting of the requested relief.   Any claimed harm is substantially outweighed by the irreparable harm to the Plaintiff if the relief requested herein is not granted.

125. The granting of the relief requested herein is in the public interest, as the consuming public, including Plaintiff, will continue to be harmed by the illegal and unlawful conduct of the Defendants, NATIONAL HOME INVESTORS, LLC, CAPITAL VENTURES INTERNATIONAL, LLC, NATIONAL HOME INVESTMENT, LLC, NICHOLAS LAMPARIELLO, MADISON MANAGEMENT SERVICES, LLC, and CITIMORTGAGE, INC if the relief requested herein is not granted.

126.    Under the circumstances where there is no harm to Defendants with the granting of the requested relief, no bond should be required as a

prerequisite to the granting of the relief requested herein as there are no costs

or other damages which could be contemplated on the part of Defendants

with the granting of the requested relief for which a bond would otherwise

be necessary.

**WHEREFORE,** Plaintiff respectfully request that this Court immediately

take jurisdiction of this matter and enter an Order granting temporary and

permanent injunctive relief expressly precluding Defendants, NATIONAL

HOME INVESTORS, LLC, CAPITAL VENTURES INTERNATIONAL,

LLC, NATIONAL HOME INVESTMENT, LLC, NICHOLAS

LAMPARIELLO, MADISON MANAGEMENT SERVICES, LLC, and

CITIMORTGAGE, INC and their agents and assigns, from instituting or

commencing any judicial foreclosure and from removing Plaintiff from her

real property during the pendency of this action.


## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff asks for the following for each Claim for Relief

to be awarded:

    (a) For Compensatory Damages in an amount to be determined by proof
        at trial;
    (b) For Special Damages in an amount to be determined by proof at trial;
    (c) For General Damages in an amount to be determined by proof at trial;

(d) For Punitive Damages as allowed by law;

(e) For Restitution as allowed by law;

(f) For Attorney's Fees and Costs of this action;

(g) For Declaratory Relief, including but not limited to the following
    Decrees of this Court that:

    a. Plaintiff/Debtor is the prevailing party;

    b. Defendants have no enforceable secured or unsecured claim
    against Plaintiff's real Property;

    c. The Mortgage Originator has no enforceable secured or
    unsecured claim against the Property;

    d. Determines all adverse claims to the real property in this
    proceeding;

    e. Plaintiff is entitled to the exclusive possession of the property;

    f. Plaintiff owns in fee simple, and is entitled to the quiet and
    peaceful possession of, the above-described real property.

    g. Defendants, and each of them, and all persons claiming under
    them, have no estate, right, title, lien, or interest in or to the real
    property or any part of the property.

Dated: 5/3/19

Jeannie Quinteros
Plaintiff/debtor in Possession