The document below is hereby signed.

Signed: October 1, 2019



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JEANNIE QUINTEROS, | ) | Case No. 19-00195 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| | ) | |
| JEANNIE QUINTEROS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 19-10013 |
| CAPITAL VENTURES | ) | |
| INTERNATIONAL LLC, *et. al.*, | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |
| Defendants. | ) | |

MEMORANDUM DECISION AND ORDER
<u>DENYING REQUEST FOR ENTRY OF DEFAULT</u>

The plaintiff, who is also the debtor in the underlying bankruptcy case and shall be hereafter referred to as "the debtor," has filed requests for entry of default against the defendants Nicholas Lampariello and National Home Investment LLC. For the following reasons, those requests must be denied.

I

The debtor originally filed motions for entry of default

against Lampariello and National Home Investment LLC on August 7, 2019. Lampariello filed *Defendant Nicolas Lampariello's Opposition to Plaintiff/Debtor's Motion for Entry of Default* (Dkt. No. 38) on August 13, 2019, wherein he represented that he was the attorney for, and a member of, Capital Ventures International LLC ("Capital Ventures"), which was also a defendant in this case. Lampariello believed that the summons was served against him in his capacity as attorney for Capital Ventures, and not in his personal capacity. He also filed *Defendant Nicolas Lampariello's Joinder to Motions to Dismiss Complaint* ("*Joinder Motion*") (Dkt. No. 39).

Pursuant to Fed. R. Bankr. P. 9006(b), the court may enlarge the time to respond to the complaint, if a motion is filed after the period to respond has expired, by a showing of excusable neglect. Lampariello has shown excusable neglect for not responding within the time restraints provided under Fed. R. Bankr. P. 7012(a). Lampariello did not realize that the summons was against him personally, and not in his capacity as an attorney for Capital Ventures, which is also a defendant in this case. It is therefore appropriate to enlarge the time for Lampariello to respond to the debtor's complaint. With the filing of the *Joinder Motion*, Lampariello has made an appearance and response to the plaintiff's complaint, and an entry of default is inappropriate.

II

The defendant has also filed a request for entry of default against National Home Investments LLC.  The debtor filed a certificate of service (Dkt. No. 12), that was titled on the docket as service of the summons on National Home Investments LLC.  However, upon examination of the certificate of service, the summons and complaint was served on National Home Investors LLC, another defendant in this case that has appeared, and not on National Home Investments LLC.  There is a separate certificate of service on the docket that is titled as service of the summons on Home Investors LLC (Dkt. No. 11) that also shows that the summons and complaint was served on National Home Investors LLC.  Therefore, there is no proof that National Home Investments LLC was ever served the summons and complaint, and accordingly, an entry of default against National Home Investments LLC is inappropriate.

III

For the foregoing reasons, it is

ORDERED that the *Request for Clerk Entry of Default Against Defendant Nicholas Lampariello* (Dkt. No. 48) is DENIED.  It is further

ORDERED that the *Request for Clerk Entry of Default Against Defendant National Home Investment, LLC* (Dkt. No. 49) is DENIED.

[Signed and dated above.]

Copies to: Plaintiff; e-recipients of orders.