The document below is hereby signed.

Signed: October 21, 2019



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JEANNIE QUINTEROS | ) | Case No. 19-00195 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| | ) | |
| | ) | |
| JEANNIE QUINTEROS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 19-10013 |
| CAPITAL VENTURES | ) | |
| INTERNATIONAL LLC, *et al.*, | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |
| Defendants. | ) | |

MEMORANDUM DECISION AND ORDER RE MOTIONS TO DISMISS

The defendants Maddison Management Services LLC ("Maddison Management"), CitiMortgage, Inc. ("CitiMortgage"), Capital Ventures International LLC ("Capital Ventures"), and National Home Investors, LLC ("National Home"),[1] have filed motions to

---

[1] The complaint also names National Home Investment, LLC as a defendant but then refers to National Home Investors, LLC as "aka" (presumably meaning "also known as") National Home Investment, LLC. I will treat National Home Investors, LLC and National Home Investment, LLC as one and the same entity.

dismiss (Dkt. Nos. 5, 15, and 24).  The plaintiff's complaint fails to meet the pleading standards of the Federal Rules of Civil Procedure, made applicable by the Federal Rules of Bankruptcy Procedure, and related case law and ought to be dismissed.  However, because the plaintiff comes close to stating a claim entitling her to relief, the court will give the plaintiff 21 days to amend her complaint.

The plaintiff's complaint appears to principally rest on an alleged sham loan modification pursuant to which she paid $6,548.38 without receiving any benefit from the loan modification because it was never used to pay off any encumbrances or liens on her real property.  Claims One through Five appear to rest on the existence of the sham loan modification, but fail to identify what loan existed prior to the sham loan modification, and fail to identify what were the terms of the loan modification, thus making it difficult to understand the context of what was going on.  Claims Six through Eight assert that the defendants have no lien or other interest in the real property, but fail to allege in non-conclusory terms why that is the case.  Indeed, the complaint fails to identify what liens of record exist against the property and which defendants assert an interest in such liens.

CitiMortgage provides the applicable legal standard:

> A complaint must contain "a short and plain statement of the claim showing that the pleader is

entitled to relief, in order to give the defendant fair notice." *Bell Atl. Corp v. Twombly,* 550 U.S. 544, 555 (2007). While a court will accept all of the well-pleaded factual allegations in the complaint as true, a court cannot accept inferences drawn by a plaintiff if such inferences are unsupported by the facts alleged in the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 668 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Under Rule 12(b)(6), "a plaintiffs obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

A "pro se complaint, like any other, must state a claim upon which relief can be granted by the court." *Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Gray v. Poole,* 275 F.3d 1113, 1116 (D.C. Cir. 2002); *Caldwell v. District of Columbia,* 901 F. Supp. 7, 10 (D.D.C. 1995) (citing *Crisafi v. Holland*, 655 F. 2d 1305, 1308 (D.C. Cir. 1981 )). Proceeding pro se "does not constitute a license . . . to ignore the Federal Rules of Civil Procedure." *Moore v. Agency for Int'l Dev.,* 994 F.2d 874, 876 (D.C. Cir. 1993). Thus, "a complaint needs some information about the circumstances giving rise to the claims." *Aktieselskabet Af 21. Nov. 2001 v. Fame Jeans, Inc.,* 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (emphasis in original).

*Defendant CitiMorgage, Inc.'s Motion to Dismiss and Brief in Support* 5-6.

The complaint is not a short and plain statement of its claims, repeating over and over again many allegations and also making many unnecessary allegations that do not belong in a complaint (like the allegation that any statute of limitations ought not apply). For that reason alone, an amended complaint is required. Additionally, as to many defendants, the claims are cast in conclusory terms that do not meet the standards of

3

*Twombly*, and the entirety of Claims Six, Seven, and Eight are conclusory and fail to meet the *Twombly* standards.

Moreover, the complaint lumps together the multiple defendants without distinguishing between them. In some instances, it is impossible to tell precisely what it is that a defendant supposedly did that gives rise to a claim against the defendant. As CitiMortgage notes:

> Plaintiff has named six different defendants in the style of the case but she lumps them together and refers to them collectively as "Defendants" throughout her Complaint. Doc. 1. As a result, Plaintiffs claims should be dismissed. *See 97 Bates v. Nw. Human Servs., Inc.*, 466 F. Supp. 2d 69, 92 (D.D.C. 2006) (concluding that "[r]equiring the [various] defendants to guess amongst themselves which one is responsible for the instances of . . . fraud alleged by the plaintiffs is surely not in keeping with the purposes of Rule 9(b )"; *Acosta Orellana v. CropLife Int'l*, 711 F. Supp. 2d 81, 96-97 (D.D.C. 2010); *Smith v. Obama*, CIV.A. 10-0290, 2010 WL 678101, at *1 (D.D.C. Feb. 24, 2010), aff'd, 412 Fed. Appx. 318 (D.C. Cir. 2011) (dismissing complaint where "there appear to be so many factual allegations against so many defendants that the Court cannot discern what claim or claims he brings against which defendant. The complaint is so vague, disorganized and confusing that it utterly fails to "give the defendant[s] fair notice of what the plaintiff's claim is and the grounds upon which it rests.").

*Defendant CitiMorgage, Inc.'s Motion to Dismiss and Brief in Support* 2-3. The court and the defendants ought not be required to wrestle with this complaint that fails to identify with adequate specificity the acts each defendant undertook that gives rise to a claim against the defendant.

Claims One through Five, resting on the alleged sham loan

4

modification based on misrepresentations, fail to meet Rule 9(b), which provides "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  "Rule 9(b) requires that the pleader provide the 'who, what, when, where, and how' with respect to the circumstances of the fraud" to sufficiently state a claim.  *Anderson v. USAA Cas. Ins. Co.,* 221 F.R.D. 250,253 (D.D.C. 2004).  Here, the complaint fails to include the specificity, as to each defendant, of who acted on its behalf, what the defendant did, when it did it, where it did it, and how it did it.  The complaint lacks any allegations regarding written or oral communications, how they were made, by whom, and what was contained in the communications.

The purpose of the complaint is to give the defendants enough notice of the alleged grounds for relief against them to allow the defendants to assert any defenses the defendants may have.  This complaint utterly fails to do that.  The complaint is laborious, repetitive, general, and conclusory.  For all these reasons, it is

ORDERED that within 21 days after the entry of this order, the plaintiff shall file an amended complaint that provides a factual background of the plaintiff's claims, states the plaintiff's claims in short, plain, and nonconclusory terms; alleges as to each defendant (including those that the plaintiff contends are in default, as well as those not in default) the

grounds for relief against that defendant; pleads with particularity, including the who, what, when, where, and how, any allegations of fraud; and otherwise meets the pleading standards of the Rules of Civil Procedure and applicable case law.

[Signed and dated above.]

Copies to: Plaintiff (by hand-mailing unless her NEF request has become effective); recipients of e-notification of orders.