The document below is hereby signed.

Signed: September 29, 2020



*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JEANNIE QUINTEROS | ) | Case No. 19-00195 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| | ) | |
| JEANNIE QUINTEROS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 19-10013 |
| CAPITAL VENTURES | ) | |
| INTERNATIONAL LLC, *et al.*, | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |
| Defendants. | ) | |

MEMORANDUM DECISION AND ORDER RE MOTION OF MADISON
MANAGEMENT SERVICES LLC TO DISMISS AMENDED COMPLAINT

Madison Management Services LLC has filed a motion to dismiss the *Amended Complaint* filed by the plaintiff, Jeannie Quinteros. Quinteros has not filed an opposition to the motion to dismiss. I agree with Madison's observations:

> The Amended Complaint remains laborious, repetitive, general, and conclusory. Defendant has not been provided fair notice with a short plain statement of the claims against Defendant, and a showing that Plaintiff is entitled to relief against Defendant.

The motion then observes that the fact is, Quinteros has no grounds to assert a proper claim against Madison:

> The subject loan was boarded with Defendant on December 15, 2014, and Defendant was merely the servicer of the subject loan until September 12, 2017, and then Defendant released the loan back to the Lender. The Lender, or their counsel, drafted the loan modification at issue, and undertook the foreclosure actions. Defendant had no involvement with the subject loan other than sending statements, collecting the reinstatement, paying the taxes due at the time, and forwarding all communications to the Lender and their counsel. Defendant is no longer servicing the loan.

Although Madison has not moved for summary judgment to establish this limited role, Quinteros appears to have decided in light of Madison's representations to not oppose Madison's motion to dismiss. I will grant Madison's motion as unopposed.

In any event, Madison is correct that the *Amended Complaint* fails to state a claim upon which relief can be granted. Like the original complaint, the *Amended Complaint* fails to meet the pleading standards of the Federal Rules of Civil Procedure, made applicable by the Federal Rules of Bankruptcy Procedure, and related case law and ought to be dismissed. I will not repeat here the recitation of those pleading standards set forth in the *Memorandum Decision and Order re Motions to Dismiss* dated October 21, 2019, and entered on October 22, 2019. Despite being warned regarding those pleading requirements, Quinteros once again has fallen woefully short of complying with those requirements.

Quinteros has made conclusory allegations in her *Amended Complaint* of wrongdoing by Madison that do not pass muster under *Ashcroft v. Iqbal,* 556 U.S. 662, 668 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). She alleges (¶ 18) that "there has been an illegal, fraudulent and willful oppressive commencement of foreclosure of Plaintiff/debtor's real property by . . . Madison . . .;" alleges (¶ 23) that Madison "is responsible in some manner for the injuries and damages to Plaintiff so alleged and that such injuries and damages were proximately caused by" Madison; alleges (¶ 24) that Madison "engaged in instituting Real Estate Shell Companies Scheme to Defraud Home owners out of their Homes in the State of Florida;" alleges (¶ 31) that on January 12, 2015, Madison and other defendants "falsely represented to the Debtor that they are the holder of Debtor's Note and Mortgage in due course;" alleges (¶ 32) that Madison "fraudulently induced the Debtor to execute a written loan modification agreement with Defendants, Capital Ventures International, LLC, and Nicholas Lampariello as the original lenders under Plaintiff/Debtor's Note and Mortgage;" alleges (¶ 41) that Madison and other defendants "used corporate entities to fraudulently exploit Plaintiff and vulnerably homes owners through making false statements regarding parties respective duties, obligations, and contractual rights through

3

deceptive loan modification schemes;" alleges (¶ 42) that Madison and other defendants:

> engage in deceptive business practices with respect to mortgage loan servicing, assignments of notes and deeds of trust, foreclosure of residential properties and by improperly characterizing Plaintiffs accounts as being in default or delinquent in furtherance of their Loan Modification schemes. Defendants engaged in executing and recording false and misleading documents; and acting as beneficiaries and trustees without the legal authority to do so;

alleges (¶ 43) that Madison and other defendants "represented to Plaintiff that Defendants are the holder of Plaintiffs Note in due course and that they have the right to file a judicial foreclosure on the subject property;" alleges (¶ 45) that Madison and other defendants "instituted several lawsuits against Plaintiff/Debtor and each time, Defendants' lawsuit against Plaintiff/Debtor was dismissed for inability to produce the "Original Note" to Plaintiffs real property;" alleges (¶ 54) that Madison "camouflage as the purported servicer of the fraudulent modification in furtherance of racketeering schemes;"and alleges (¶ 59) that she seeks punitive damages against Madison for "intentional deceit and for the unlawful encumbrance of Plaintiffs real property."

Many of the allegations accuse Madison, in conclusory terms, of misconduct generally as to mortgagors in Florida, without alleging that Madison engaged in such misconduct *as to Quinteros*. Even when the allegations can be read as alleging fraudulent

4

conduct as to Quinteros, the Amended Complaint fails to provide the "'who, what, when, where, and how' with respect to the circumstances of the fraud" to sufficiently state a claim under Fed. R. Civ. P. 9(b). *Anderson v. USAA Cas. Ins. Co.*, 221 F.R.D. 250, 253 (D.D.C. 2004).

Quinteros has not opposed Madison's motion, and has failed to point to any of the claims in the *Amended Complaint* that adequately plead a claim upon which relief can be granted against Madison.  Each of those claims, resting on conclusory allegations, fails to state a claim upon which relief can be granted against Madison.

In any event, in another Memorandum Decision of this date, I have concluded, for reasons explained at length, that Quinteros has not stated a claim upon which relief can be granted against Capital Ventures International, LLC, National Home Investors, LLC, and Nicholas Lampariello, the entities who pursued foreclosure against Quinteros's Property.  The allegations against Madison, concerning the same conduct alleged against those defendants, can fare no better.

For all of these reasons, it is

ORDERED that Management Services LLC's motion to dismiss (Dkt. No. 69) is GRANTED and this adversary proceeding is

dismissed with prejudice as to the claims against Madison Management Services LLC.

[Signed and dated above.]

Copies to: Plaintiff (by hand-mailing unless her NEF request has become effective); recipients of e-notification of orders.