The document below is hereby signed.

Signed: September 29, 2020



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JEANNIE QUINTEROS | ) | Case No. 19-00195 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| | ) | |
| JEANNIE QUINTEROS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 19-10013 |
| CAPITAL VENTURES | ) | |
| INTERNATIONAL LLC, *et al.*, | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |
| Defendants. | ) | |

MEMORANDUM DECISION AND ORDER RE
MOTION OF CITIMORTGAGE, INC. TO DISMISS AMENDED COMPLAINT

CitiMortgage, Inc. ("CitiMortgage") has filed a motion to dismiss the *Amended Complaint* filed by the plaintiff, Jeannie Quinteros. Like the original complaint, the *Amended Complaint* fails to meet the pleading standards of the Federal Rules of Civil Procedure, made applicable by the Federal Rules of Bankruptcy Procedure, and related case law and ought to be dismissed. I will not repeat here the recitation of those

pleading standards set forth in the *Memorandum Decision and Order re Motions to Dismiss* dated October 21, 2019, and entered on October 22, 2019. Despite being warned regarding those pleading requirements, Quinteros once again has fallen woefully short of complying with those requirements.

I

Quinteros has made conclusory allegations in her *Complaint* of wrongdoing by CitiMortgage that do not pass muster under *Ashcroft v. Iqbal,* 556 U.S. 662, 668 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). She alleges (¶ 18) that "there has been an illegal, fraudulent and willful oppressive commencement of foreclosure of Plaintiff/debtor's real property by . . . CitiMortgage . . .;" alleges (¶ 23) that CitiMortgage "is responsible in some manner for the injuries and damages to Plaintiff so alleged and that such injuries and damages were proximately caused by" CitiMortgage; and alleges (¶ 59) that she seeks punitive damages against CitiMortgage for "intentional deceit and for the unlawful encumbrance of Plaintiff's real property." Similarly, she accuses CitiMortgage, in conclusory terms, of misconduct generally as to mortgagors in Florida, without alleging that CitiMortgage engaged in such misconduct as to Quinteros. See ¶¶ 24 (CitiMortgage "engaged in instituting Real Estate Shell Companies Scheme to Defraud Home

owners out of their Homes in the State of Florida"); and 93 (CitiMortgage and other defendants "have collaborated to engage and engaged in predatory fraudulent Loan Modification practices."). In ¶ 41, she alleges that CitiMortgage "used corporate entities to fraudulently exploit Plaintiff and vulnerably homes owners through making false statements regarding parties respective duties, obligations, and contractual rights through deceptive loan modification schemes," but she fails to provide the "'who, what, when, where, and how' with respect to the circumstances of the fraud" to sufficiently state a claim under Fed. R. Civ. P. 9(b). *Anderson v. USAA Cas. Ins. Co.*, 221 F.R.D. 250, 253 (D.D.C. 2004). The same is true of ¶ 42 (accusing CitiMortgage and others of engaging in a deceptive business practice of "improperly characterizing Plaintiff's accounts as being in default or delinquent."). She alleges in conclusory terms (¶ 162) that CitiMortgage claims an interest in her property but fails to allege what CitiMortgage claims as an interest in the property, despite the court's admonition in dismissing the original complaint that Quinteros was required to identify all of the liens on Quinteros's property.

Turning to the claims specifically asserted against CitiMortgage it is obvious that dismissal is required.

II

The *Complaint*'s Third Claim ("Intentional Misrepresentation

and Related Relief") is the first claim listed as being pursued against CitiMortgage. The allegations against CitiMortgage in support of this Third Claim appear to be that the mortgage note and mortgage at issue were never endorsed to or assigned to CitiMortgage (¶ 102) and that:

- "On or about 2011, . . . CitiMortgage . . . represented to Plaintiff that Defendants are the holder of Plaintiff's Note in due course and that they have the right to file a judicial foreclosure on the subject property." ¶ 43.
- Similarly, "on or about 2008, Defendant, CitiMortgage, Inc filed fraudulent real estate documents in Broward County, Florida purported to claim that they are lender and real party in interest in Plaintiff's Note and Mortgage when Defendant knew that to be false." ¶ 110.

As noted by CitiMortgage's motion:

> Plaintiff was well-aware that she must allege all matters sounding in fraud with particularity in order to survive dismissal. "Rule 9(b) requires that the pleader provide the 'who, what, when, where, and how' with respect to the circumstances of the fraud" to sufficiently state a claim. *Anderson v. USAA Cas. Ins. Co.*, 221 F.R.D. 250, 253 (D.D.C. 2004). Plaintiff "must plead with particularity matters such as the time, place and content of the false misrepresentations, the misrepresented facts and what the opponent retained or the claimant lost as a consequence of the alleged fraud." *See Busby v. Capital One, N.A.*, 772 F. Supp. 2d 268, 276 (D.D.C. 2011); FED. R. CIV. P. 9(b) ("all averments of fraud . . . shall be stated with particularity"). Each of the following elements must be pleaded with particularity: (1) a false representation, (2) concerning a material fact, (3) made

4

>   with knowledge of its falsity, (4) with the intent to deceive, and (5) upon which reliance is placed. *Busby v. Capital One, N.A.*, 932 F. Supp. 2d 114, 136 (D.D.C. 2013); *Acosta Orellana*, 711 F. Supp. 2d at 96 (citing *In re Estate of McKenney*, 953 A.2d 336, 341 (D.C. 2008)). "[T]he plaintiff must also have suffered some injury as a consequence of his reliance on the misrepresentation." *Chedick v. Nash*, 151 F.3d 1077, 1081 (D.C. Cir. 1998) (citation omitted). "Fraud is never presumed and must be particularly pleaded. The pleader must allege such facts as will reveal the existence of all the requisite elements of fraud." *Bennett v. Kiggins*, 377 A.2d 57, 59-60 (D.C. 1977). Plaintiff has failed to meet these standards.

Quinteros has failed to identify the specific documents CitiMortgage allegedly filed, and the date of their filing in 2008. Crucially, Quinteros fails to allege how such representations by CitiMortgage harmed her and fails to allege any reliance by her on such representations by CitiMortgage. Quinteros's opposition to CitiMortgage's motion fails to address CitiMortgage's arguments to that effect. Nor has she responded to CitiMortgage's contention that these claims, dating back to 2008 to 2011, are barred by the statute of limitations. Nor, as discussed later with respect to Claim Six, has she alleged non-conclusory facts showing that CitiMortgage continues to assert an interest in the Note and Mortgage. The Third Claim must be dismissed as to CitiMortgage.

### III

The next claim asserted against CitiMortgage, the Fourth Claim ("Fraud in the Inducement and Related Relief") fails for the same reasons as the Third Claim. This Fourth Claim adds ¶

5

138, which alleges:

> On or about 2008, continued on to 2012, Defendant, CitiMortgage, Inc intentionally misrepresented to Plaintiff that Defendants were entitled to exercise the power of sale provision contained in the Deed of Assignment and that they were entitled to execute refinance of Plaintiff's Mortgage.

These allegations do not cure any of the defects in the Third Claim, and this Fourth Claim must be dismissed.

IV

The Fifth Claim ("Cancellation of Sham Loan Modification and Related Relief") alleges at ¶¶ 148 and 149 that defendants other than CitiMortgage demanded that Quinteros execute a loan modification agreement and entered into that loan modification agreement with her.  Specifically, ¶ 149 alleges:

> On or about January 12, 2015, Defendants represented to Plaintiff that they are the holder of Plaintiff's note and induced Plaintiff to execute a written loan modification agreement with Defendants, CAPITAL VENTURES INTERNATIONAL, LLC, NICHOLAS LAMPARIELLO, and MADISON MANAGEMENT SERVICES, LLC, pursuant to which Plaintiff paid Defendants the sum exceeding $US 6, 548. 38 for a purported loan modification.

Recall that ¶ 138 alleged that CitiMortgage made misrepresentations as to ownership of the note from 2008 to 2012, not as late as January 12, 2015.  The term "Defendants" as used in ¶ 149 must be read in the context of the whole of ¶ 149 as referring to the "Defendants, CAPITAL VENTURES INTERNATIONAL, LLC, NICHOLAS LAMPARIELLO, and MADISON MANAGEMENT SERVICES, LLC," not CitiMortgage, which is not mentioned anywhere by name in this

Fifth Claim as having any involvement regarding the loan modification.  The same is true of ¶ 151 which alleges misconduct by Defendants other than CitiMortgage and then concludes with an allegation that "Defendants were aware of the misrepresentations and profited from them."  The term "Defendants" in that sentence of ¶ 151 cannot be read as meaning CitiMortgage, and, in any event, ¶ 151 does not allege that CitiMortgage made any misrepresentations.

CitiMortgage's motion at 6 pointed to these defects, stating:

> Plaintiff does not provide any details, pursuant to the heightened pleading standards of Rule 9, regarding the alleged misrepresentations, such as their substance, when they were made and by which defendants.  Plaintiff does not provide any factual basis to support the cancellation of the loan modification or the recovery of $1,895,250 against CitiMortgage.  (*See id.* at ¶ 156.)  Plaintiff has provided no basis on which this Court can infer liability on the part of CitiMortgage.

In her opposition to CitiMortgage's motion, Quinteros has failed to respond to CitiMortgage's arguments that she did not actually assert her claim for cancellation of the sham loan modification against CitiMortgage, that she did not meet the heightened pleading standard for this claim, and that she has given the court no plausible basis on which to infer liability for this claim.

The Fifth Claim must be dismissed as to CitiMortgage.

V

Quinteros asserts the Sixth Claim ("Quiet Title and Related Relief") against all of the defendants. In the *Memorandum Decision re Motions to Dismiss* at 2, the court noted a defect in the original complaint, namely, that "the complaint fails to identify what liens of record exist against the property and which defendants assert an interest in such liens." The *Complaint* suffers from the same defect. Once again failing adequately to differentiate between the defendants, Quinteros alleges (¶ 162) that the other defendants and CitiMortgage "claim an interest and estate in the property adverse to plaintiffs in that defendants asserts that they are the owner of the note secured by the deed of trust to the property the subject of this suit." That conclusory allegation fails to identify what interest CitiMortgage claims in the property. CitiMortgage was entitled to be told what interest Quinteros believes CitiMortgage is claiming in the property. In ¶ 110 she alleged that "on or about 2008, Defendant, CitiMortgage, Inc filed fraudulent real estate documents in Broward County, Florida purported to claim that they are lender and real party in interest in Plaintiff's Note and Mortgage" but she does not allege that CitiMortgage continues to claim that interest in the property.

Indeed, Quinteros's own exhibits in the trial of Capital Ventures International, LLC's motion for relief from the

automatic stay in the main bankruptcy case reveal that CitiMortgage's interest in the mortgage on the property was assigned to Castle Peak 2010-1 Loan Trust on June 24, 2011. *See* Case No. 19-00195, Dkt. No. 107-2 at page 55 of 131. If Quinteros believes that CitiMortgage is claiming some other interest in the property, she ought to have pled what that claimed interest is.[1]

The Sixth Claim must be dismissed.

### VI

Quinteros's Seventh Cause of Action ("Declaratory Relief") seeks in substance the same relief as the Sixth Claim,[2] and must be dismissed for the same reasons that the Sixth Claim must be dismissed.

### VII

Quinteros's Eighth Cause of Action ("Injunctive Relief")

---

[1] Before she filed the *Amended Complaint,* Quinteros was well aware that on October 2, 2019, the court entered an order in the main bankruptcy case granting Capital Ventures International, LLC relief from the automatic stay to permit that entity to pursue a foreclosure action against the subject property. She does not explain how, in light of that, CitiMortgage could be treated as an entity claiming an interest in the property.

[2] The Seventh Cause of Action requests that all adverse claims to the real property be determined by a decree of this court; that the decree declare and adjudge that plaintiff is entitled to the exclusive possession of the property; that the decree declare and adjudge that Quinteros owns in fee simple, and is entitled to the quiet and peaceful possession of the property; and that the decree declare and adjudge that all of the defendants have no estate, right, title, lien, or interest in or to the real property or any part of the property.

seeks to enjoin all of the defendants "from instituting or commencing any judicial foreclosure and from removing Plaintiff from her real property during the pendency of this action." However, Quinteros has failed to identify any interest CitiMortgage claims in the property pursuant to which it might pursue foreclosure.  The Eighth Cause of Action must be dismissed.

VIII

For all of these reasons, it is

ORDERED that CitiMortgage, Inc.'s motion to dismiss (Dkt. No. 67) is GRANTED and this adversary proceeding is dismissed with prejudice as to the claims against CitiMortgage, Inc.

[Signed and dated above.]

Copies to: Plaintiff (by hand-mailing unless her NEF request has become effective); recipients of e-notification of orders.