The document below is hereby signed.

Signed: November 12, 2020



*S. Martin Teel, Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JEANNIE QUINTEROS | ) | Case No. 19-00195 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| | ) | |
| JEANNIE QUINTEROS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 19-10013 |
| CAPITAL VENTURES | ) | |
| INTERNATIONAL LLC, *et al.*, | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |
| Defendants. | ) | |

MEMORANDUM DECISION AND ORDER
<u>DENYING MOTION FOR STAY PENDING APPEAL</u>

On October 20, 2020, the plaintiff, Jeannie Quinteros ("Quinteros"), filed a motion for a stay pending appeal of the orders and judgment of September 29, 2020, dismissing her claims

in this adversary proceeding.[1]

Quinteros contends that this is a non-core proceeding, and that the court lacked authority to decide her claims because of Article III of the Constitution, citing *Stern v. Marshall*, 564 U.S. 462 (2011). Ultimately, in the District Court's adjudication of the appeal, it will not matter whether the claims were claims that the bankruptcy court lacked authority to decide. In the appeal, the District Court will be reviewing this court's rulings de novo (because the rulings were only rulings on issues of law, not findings of fact), the same as would occur if the bankruptcy court had entered proposed conclusions of law. *See Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 40 (2014) (the District Court's de novo review of the Bankruptcy Court's order granting summary judgment and entry of its own valid final judgment cured any error in the Bankruptcy Court's entry of judgment). In any event, there was no error in this court's entering a final judgment.

As to whether there was error in entering a judgment disposing of Quinteros's claims, I will address later whether the claims were non-core claims (or were claims that were statutorily core claims that nevertheless were of a character that, under

---

[1] She neglected to attach to the motion certain exhibits referred to in the initial motion, and the court set a deadline for her to submit the missing exhibits. On November 4, 2020, she timely re-filed the motion with exhibits that she had neglected to attach to the initial motion.

*Stern*, Article III of the Constitution barred the bankruptcy court's deciding).  I address first whether Quinteros forfeited her *Stern* argument or impliedly consented to the bankruptcy court's adjudicating her claims.

The Supreme Court has made clear that arguments based on *Stern* can be forfeited.  *See Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1944 (2015) ("The entitlement to an Article III adjudicator is 'a personal right' and thus ordinarily 'subject to waiver[.]'"); *id.* at 1949 ("[W]e leave it to the Seventh Circuit to decide on remand whether Sharif's actions evinced the requisite knowing and voluntary consent, and also whether, as Wellness contends, Sharif forfeited his *Stern* argument below.").  On remand, the Seventh Circuit held that Stevens had forfeited the Stern argument by waiting to raise it until the reply brief.  *See Wellness Int'l Network, Ltd. v. Sharif*, 617 Fed. App'x 589, 590 (7th Cir. 2015) ("We conclude that Sharif forfeited his Stern argument when he was first before us.").  Here, by failing to raise her argument until 27 days after entry of the judgment dismissing her claims, Quinteros forfeited her *Stern* argument.  *See In re Millennium Lab Holdings II, LLC*, 575 B.R. 252, 295 (Bankr. D. Del. 2017) ("Voya waived or forfeited any argument that it was entitled to have an Article III court enter a final order . . ."), *aff'd*, 591 B.R. 559 (D. Del. 2018), *aff'd sub nom. In re Millennium Lab Holdings II, LLC*,

945 F.3d 126 (3d Cir. 2019).

There was also implied consent to the court's deciding the claims. Even if the claims were non-core claims, the bankruptcy court can decide such claims with the consent of the parties, and implied consent suffices. *Wellness Int'l Network,* 135 S. Ct. at 1938–39 and 1947-48. The implied consent standard adopted by the Supreme Court in *Wellness Int'l Network* "increase[es] judicial efficiency and check[s] gamesmanship." *Id.* at 1978.[2] Here there was implied consent. In both her original complaint (Dkt. No. 1) and her amended complaint (Dkt. No. 64), Quinteros alleged at paragraph 2 that this is a core proceeding. Further, in addressing her claims in her amended complaint, Quinteros impliedly consented to adjudication of her claims by this court. For example, in her first claim she requested that "this Court enter judgment against Defendants as follows" for monetary damages, and in her final claim for injunctive relief she requested "that this Court immediately take jurisdiction of this matter and enter an Order granting temporary and permanent injunctive relief" against the defendants. She would have been perfectly happy to have the bankruptcy judge grant her requested damages and injunctive relief instead of only issuing proposed findings of fact and conclusions of law in that regard.

---

[2] The concept of forfeiture similarly increases judicial efficiency and checks gamesmanship. *Millennium Lab*, 575 B.R. at 289.

Moreover, she never voiced an objection to the court's deciding the claims when the defendants sought entry of judgments dismissing her claims. Quinteros and the other parties treated the proceeding as one in which the court could enter a final judgment in accordance with the treatment of the proceeding as a core proceeding. By treating her claims as core claims, asking this court to enter final orders granting her requested claims, and failing to raise an objection to this court's entering final orders, Quinteros impliedly consented to this court's deciding her claims. *See True Traditions, LC v. Wu*, 552 B.R. 826, 838 (N.D. Cal. 2015) (by seeking final judgment in her favor, the party "impliedly consented to the bankruptcy court's authority to enter final judgment.").

I turn now to whether the claims were claims that this court could adjudicate if *Quinteros* had raised her *Stern* argument before the dismissal of her claims. The purpose of the amended complaint, as recited by its paragraph 1, was to seek "a determination of the extent and validity of a lien on Real Property." Determining the existence and extent of liens on property of the estate is a core proceeding under 28 U.S.C. § 157(b)(2)(K), and one the bankruptcy court has constitutional authority to decide. *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 302 n.2 (4th Cir. 2017); *Hardy v. Ross (In re Hardy)*, 589 B.R. 217, 230 (D.D.C. 2018). A bankruptcy court has

5

constitutional authority to make such a determination because it "would necessarily be resolved in the claims allowance process." *Stern*, 564 U.S. at 499; *TSA Stores, Inc. v. Sport Dimension Inc. (In re TSAWD Holdings, Inc.)*, 601 B.R. 599, 602 (Bankr. D. Del. 2019).

Quinteros apparently fears that the court's ruling may be relied upon by Capital Ventures International, LLC to pursue foreclosure. However, because this court clearly had authority to decide the validity of the lien, Quinteros has had her day in court regarding the issue of the validity of the lien. It would be inappropriate to stay the court's judgment so that the state court in such a foreclosure action would be required to adjudicate the issue anew and Capital Ventures International, LLC would be prevented from relying on any collateral estoppel effect of the judgment.

Quinteros additionally sought injunctive relief and recovery of damages on various grounds based on the asserted invalidity of the lien. Even if those claims were non-core claims, and there had not been forfeiture or consent permitting the court to decide those claims, a stay of the dismissal of those claims would not serve any purpose: no injunctive relief could be had and no recovery of damages could be had until the appeal is decided with an appellate decision in Quinteros's favor. A stay pending appeal would not change that. In other words, even without a

stay order, the status quo regarding the injunctive and damage claims will remain the same, precisely what a stay pending appeal is intended to accomplish.

Quinteros further argues that there was error in the court's decision regarding the lack of merit in her claims, and that this justifies a stay pending appeal.  However, the court's rulings granted no affirmative relief against Quinteros, and there is thus no affirmative relief to be stayed pending appeal.  There was no award of monetary damages against her and none of the defendants have timely sought costs, and so there is no stay of collection that is necessary.

In any event, I am of the view that my rulings in dismissing the amended complaint were correct.  For example, Quinteros contends that there was a dismissal with prejudice of a prior foreclosure action that should bar the lien at issue.  However, as I explained in the decision granting summary judgment to Capital Ventures:

> [T]he Amended Complaint alleges that the foreclosure action was dismissed with prejudice via Exhibit A. That Exhibit A was appended to the original complaint as an exhibit (Dkt. No. 2), and it states:
>
>> 3. The parties shall comply with the terms and conditions set forth in the private settlement agreement, which is incorporated herein as if set out in full;
>>
>> 4. This court expressly retains jurisdiction over this action to enforce the terms of the settlement agreement[.]

7

>   Indeed, the Voluntary Motion to Dismiss Case and
>   Discharge the Lis Pendens attached as part of Exhibit A
>   (Dkt. No. 2 at 2), made clear that the dismissal was
>   conditioned "on the Court's agreement to enter an order
>   retaining jurisdiction to enforce the terms of the
>   private settlement agreement . . ."

For all of these reasons, it is

ORDERED that Quinteros's motion for a stay (titled *Plaintiff/Debtor's Emergency Motion for a Stay of the Court's September 29, 2020 Order Pending Appeal and for an Immediate Administrative Stay in Bankruptcy Court*), initially filed on October 20, 2020 (Dkt. No. 93) and amended on November 4, 2020 (Dkt. No. 99) is DENIED.  It is further

ORDERED that this *Memorandum Decision and Order* shall be transmitted to the District Court side of the Clerk's office for docketing as part of the record in the pending appeal, Civil Action No. 20-02884-RC.

[Signed and dated above.]

Copies to: Plaintiff (by hand-mailing unless her NEF request has become effective); recipients of e-notification of orders;

Nicholas Lampariello
Lampariello Law Group
4760 W. Commercial Blvd.
Tamarac, FL 33319